**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLAN LESTER PELLE; et al., | No. 05-77337 |
| Petitioners, | Agency Nos. A096-361-945 |
| v. | A096-361-946 |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted February 4, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Allan Lester Pelle ("Pelle"), a 49-year old Christian, and his wife, Youla

Lontoh ("Lontoh") are natives and citizens of Indonesia.[1] Pelle petitions for

review of the Board of Immigration Appeals ("BIA") decision affirming the

immigration judge's ("IJ") denial of his applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] Lontoh is a derivative beneficiary of Pelle's asylum application.

removal, and relief under the Convention Against Torture ("CAT"). The parties are familiar with the facts of this case, which we repeat here only as necessary to explain our decision. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition with respect to the asylum application, grant the petition with respect to the applications for withholding of removal and relief under CAT, and remand to the BIA.

## I. STANDARD OF REVIEW

Because the BIA, citing Matter of Burbano, 20 I. & N. Dec. 872 (B.I.A. 1994), did not express disagreement with any part of the IJ's decision, we review the IJ's decision as if it were the BIA's decision. See Cinapian v. Holder, 567 F.3d 1067, 1073 (9th Cir. 2009). We review denials of asylum, withholding of removal, and relief under CAT for substantial evidence. See, e.g., Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010); Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

## II. ASYLUM

The IJ denied Pelle's asylum application as untimely, concluding that no change in country conditions or other circumstances justified Pelle's late filing. Because there are no changes in U.S. law or country conditions that would materially affect Pelle's eligibility for asylum, and no other circumstances that

2

justify Pelle's late filing, we deny the petition with respect to the asylum application.  8 C.F.R. § 208.4(a).

## III.  WITHHOLDING OF REMOVAL

The IJ denied Pelle's application for withholding based on his finding that Pelle had not experienced past persecution or established a clear probability of future persecution.  We agree that the mistreatment Pelle experienced on account of his Christian faith does not rise to the level of past persecution, but conclude that the BIA erred in failing to apply disfavored group analysis to Pelle's claim of future persecution.

## A.  Past Persecution

While he lived in Indonesia, Pelle experienced two incidents of personal mistreatment on account of his Christian faith.  First, several men accosted Pelle in public, ripped off his leather cross necklace, and threatened him.  Second, Pelle's church was attacked by a group carrying weapons who screamed at the congregants in Arabic, and threw rocks and bottles at the church.  Although frightening and disturbing, these incidents do not compel a finding of past persecution under our existing precedent.  See, e.g., Halim v. Holder, 590 F.3d 971, 975-76 (9th Cir. 2009) (holding that a Chinese Christian Indonesian had not suffered past persecution, even though he was stripped naked, spat upon, and

3

threatened by students at his school; refused service by a public health clinic; arrested by the police on false drug allegations; and beaten during the 1998 riots against ethnic Chinese Indonesians).

B.  Future Persecution

In the absence of past persecution, Pelle may still be entitled to withholding if he demonstrates that he will face a clear probability of future persecution if removed to Indonesia.  8 C.F.R. § 1208.13(b)(2).  The IJ denied Pelle's application for withholding without applying disfavored group analysis.  In our companion case, Tampubolon v. Holder (No. 06-70811), we held that Christians who are not ethnic Chinese are a disfavored group in Indonesia.  Because Pelle is a non-Chinese Christian, the BIA erred in failing to apply disfavored group analysis.

As a member of a disfavored group, Pelle may establish a clear probability of future persecution by presenting a comparatively lower proportion of evidence that he will be individually singled out for persecution.  See Wakkary v. Holder, 558 F.3d 1049, 1064 (9th Cir. 2009).  Here, Pelle presented evidence that he personally experienced harassment and violence in Indonesia on account of his Christian faith.  Moreover, he testified that he and his family will be singled out for persecution because they are Westernized and have a U.S. citizen child. We remand to the BIA for a determination in the first instance whether the

4

combination of Pelle's membership in a disfavored group plus his evidence of individualized risk is sufficient to establish a clear probability of future persecution. Id. at 1067.

## IV. CAT

The IJ denied Pelle's application for withholding of removal under CAT because "[t]here is no evidence that if [Pelle and his family] returned to Indonesia . . . the government of Indonesia would acquiesce in their being tortured by Muslims in Indonesia." The IJ's finding is not supported by substantial evidence.

Government acquiescence does not require actual knowledge or willful acceptance of the torture; rather, awareness gained either through actual knowledge or willful blindness is sufficient. Zheng v. Ashcroft, 332 F.3d 1186, 1194-95 (9th Cir. 2003). Here, there is ample record evidence that the Indonesian government is aware, and possibly complicit, in torture inflicted on Christians by Muslim extremists. For example, according to the 2002 U.S. Department of State International Religious Freedom Report on Indonesia ("Religious Freedom Report"), the government failed to prevent the activities of Laskar Jihad, a paramilitary group engaged in a crusade against Christians. Furthermore, military personnel stood by, and even participated, in the torture or execution of Christians who refused to convert to Islam. The Religious Freedom Report states, "Religious

violence and the lack of an effective government response to punish perpetrators and prevent further attacks continued to lead to allegations that officials were complicit in some of the violence, or at a minimum, allowed it to occur with impunity."

Because the IJ failed to consider the considerable evidence of government acquiescence in torture against Christians in Indonesia, we remand for the BIA to do so, applying the correct "awareness or willful blindness" standard for government acquiescence.

V.

In summary, we affirm the denial of Pelle's application for asylum as untimely. We grant the petition with respect to Pelle's applications for withholding of removal and relief under CAT. We remand for the BIA to apply disfavored group analysis to Pelle's withholding claim, and to consider the considerable evidence of government acquiescence in the torture of Christians. Costs on appeal awarded to petitioners.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**